# IN THE UNTIED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

FRIENDS OF ANIMALS,

    Plaintiff,

v.

DAVID BERNHARDT, in his official capacity as the Secretary of the Interior, and
U.S. FISH AND WILDLIFE SERVICE, an agency of the United States,

    Defendants.

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

**INTRODUCTION**

1. The Freedom of Information Act (FOIA) plays a vital role in keeping government transparent and accountable. Citizens have used FOIA to expose a wide range of government misconduct. Thus, government compliance with FOIA and its procedures is essential to maintain public safety, expose government corruption, and preserve the public's legally protected transparency rights.

2. Plaintiff Friends of Animals brings this action against Defendants David Bernhardt and the United States Fish and Wildlife Service (FWS) to force them to carry out their duties under FOIA, 5 U.S.C. §§ 552-59.

3. On May 9, 2018, Friends of Animals made a FOIA request to FWS for documents related to the importation of African elephant skins and products from 2012 to the present (FOIA request control number FWS 2018-00796). Friends of Animals

1

requested documents including but not limited to (1) all documents and data relating to the import of African elephant hides, skins or products derived therefrom and (2) all information submitted on Form 3-177 or its predecessor forms as well as any permits issued and/or denied for the import of African elephant sport-hunted trophies, including elephant skin and products. Form 3-177, the "Declaration for Importation or Exportation of Fish and Wildlife," requires any importer or exporter of wildlife to declare certain information. FWS inputs the information submitted under Form 3-177 into an electronic database known as the Law Enforcement Information Management System (LEIMS).

4.  In a letter dated August 30, 2018, FWS informed Friends of Animals that it had completed its response (hereinafter "Response"). In its Response, FWS stated that it sent 847 pages of records. The letter notified Friends of Animals that FWS withheld certain information on the grounds that it allegedly fell within FOIA Exemptions 4, 6, and 7(C). FWS partially withheld three pages under Exemption 4, and parts of 496 pages under Exemptions 6 and 7(C). FWS did not produce an index of the information it withheld and did not explain why any of the withheld records fell within the claimed exemptions. FWS only provided conclusory statements with regard to the redacted information, claiming the information fell within FOIA Exemptions 4, 6, and 7(C).

5.  The Response provided no written factual or legal support for FWS's general and conclusory determination that the redacted information is exempt from disclosure.

6.  Plaintiff filed a timely administrative appeal of Defendants' withholdings, and Defendants failed to comply with their mandatory duty to respond to Plaintiff's appeal within the statutorily-prescribed time limit.

7. Defendants violated FOIA by refusing to release information that Plaintiff is legally entitled to. Defendants also violated FOIA by failing to comply with the statutory mandates and deadlines imposed by FOIA.

8. To remedy Defendants' violation of law, Plaintiff seeks declaratory and injunctive relief requiring Defendants to comply with FOIA and promptly provide the requested material.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question).

10. This Court has authority to grant Plaintiff's requested relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 and 5 U.S.C. § 552(a)(4)(B) (FOIA). This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

11. Pursuant to FOIA, Plaintiff sent an appeal via e-mail and mail to Defendants on January 9, 2019.

12. More than twenty days have passed since Defendants received Plaintiff's appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

13. Defendants have not remedied their violations of FOIA by responding to Plaintiff's FOIA appeal or releasing unlawfully withheld documents. Therefore, an actual controversy exists between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2201.

14. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in the district where the complainant resides or has a

principle place of business. Friends of Animals' Wildlife Law Program resides in Colorado and has a principal place of business in Centennial, Colorado. Venue is also proper under 28 U.S.C. § 1391(b) because the defendant is subject to personal jurisdiction in this federal district.

## PARTIES

15.     Plaintiff, FRIENDS OF ANIMALS, is a not-for-profit international advocacy organization incorporated in the state of New York since 1957. Friends of Animals seeks to free animals from cruelty and exploitation around the world, and to promote a respectful view of non-human, free-living, and domestic animals. Friends of Animals engages in a variety of advocacy programs in support of these goals. Friends of Animals informs its members about animal advocacy issues as well as the organization's progress in addressing these issues through its magazine called *Action Line*, its website, and other reports. Friends of Animals has published articles and information advocating for the protection of wildlife species so that they can live unfettered in their natural habitats. Defendants' refusal to comply with FOIA injures Friends of Animals members and staff by preventing them from using the requested information to advocate for their mission, and Defendants failure to respond to Plaintiff's appeal further prolongs these injuries.

16.     Defendant, DAVID BERNHARDT, in his capacity as Secretary of the United States Department of Interior, has ultimate responsibility for the implementation of FOIA, through the FWS. The Secretary is also responsible for the actions of his delegate, the FWS, including that delegate's withholding of documents and refusal to respond to FOIA appeals. Plaintiff sues Defendant Bernhardt in his official capacity.

17. Defendant, the UNITED STATES FISH AND WILDLIFE SERVICE, is a federal agency within the Department of the Interior. FWS has a duty to provide public access to documents in its possession consistent with the requirements of FOIA.

**LEGAL FRAMEWORK: FREEDOM OF INFORMATION ACT**

18. Congress enacted FOIA to ensure public access to U.S. government records. FOIA carries a presumption of disclosure. *Dep't of State v. Ray*, 502 U.S. 164 (1991). Upon written request, FOIA requires agencies of the United States government to promptly disclose their records, unless the government can lawfully withhold the records from disclosure under one of nine specific exemptions in FOIA. 5 U.S.C. § 552(a)(3)(A). The government—not the public— has the burden to justify why particular information may be withheld. *Ray*, 503 U.S. at 164.

19. When a requested document contains information that falls under one of the exemptions, FOIA requires the government to still release all non-exempt portions of the record. 5 U.S.C. § 552(b). The Act expressly mandates that agencies must disclose any "reasonably segregable portion" to a requester after the redaction of the parts that are exempt. *Id*. The government cannot withhold documents in their entirety "unless it would be impossible to redact the portions of the documents that reveal deliberations." *NLRB v. Jackson Hosp. Corp.*, 257 F.R.D. 302, 309 (D.D.C. 2009) (*citing In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997)).

20. FOIA requires agencies to "determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i).

21. When a party files an administrative appeal, the agency must respond to the appeal within twenty workdays. *Id*. § 552(a)(6)(A)(ii); *see* 43 C.F.R. § 2.62.

22. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i); *see* 43 C.F.R. § 2.62.

23. FOIA provides this Court with jurisdiction to enjoin Defendants "from withholding agency records and to order the production of any such records improperly withheld from" Plaintiff. 5 U.S.C. § 552(a)(4)(B).

24. If an agency withholds any information, it bears the burden of proving that one of the exemptions applies. *Id*. "The description and explanation the agency offers should reveal as much detail as possible as to the nature of the document," in order to provide "the requestor with a realistic opportunity to challenge the agency's decision." *Oglesby v. U.S. Dep't. of Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996). The agency cannot rely on vague descriptions or assertions that do not provide the requester the "necessary functional description of the documents at issue." *Campaign for Responsible Transplantation v. U.S. Food & Drug Admin.*, 219 F. Supp. 2d 106, 112 (D.D.C. 2002) (*citing Oglesby*, 79 F.3d at 1184).

25. Exemption 4 allows the government to exclude "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).

26. Exemption 6 permits withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." *Id*. § 552(b)(6).

27.     Exemption 7(C) authorizes the withholding of information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id*. § 552(b)(7).

28.     Even if a document falls within an exemption under FOIA, an agency has the authority to construe the exemptions as discretionary rather than mandatory when no harm would result from disclosure of the requested information. *Chrysler Corp. v. Brown*, 441 U.S. 281, 293-94 (1979).

## FACTUAL BACKGROUND

29.     On May 9, 2018, Plaintiff made a FOIA request to FWS for documents relating to the import of African elephant skins and products.

30.     FWS assigned Plaintiff's FOIA request control number FWS-2018-00796.

31.     In a letter dated August 30, 2018, FWS informed Plaintiff that it had completed its Response and sent 847 pages of records. The Response notified Plaintiff that FWS withheld information on the grounds that it allegedly fit within FOIA Exemptions 4, 6, and 7(C).

32.     FWS partially withheld three pages under Exemption 4, and part of 496 pages under Exemptions 6 and 7(C).

33.     FWS did not produce an index describing each of the documents it withheld and specifying the reasons why each document fell within the claimed exemption, commonly known as a Vaughn index. *See Vaughn v. Rosen*, 484 F.2d 820, 827-29 (D.C. Cir. 1973).

34.     Instead, FWS only provided conclusory statements with regard to the redacted information, claiming the information fell within FOIA Exemptions 4, 6, and 7(C).

35. FWS produced such little information regarding the withheld documents that one cannot determine why a particular document was prepared, what the document discusses, or whether it should be protected from disclosure.

36. The Response stated that Plaintiff may appeal the Response no later than 90 workdays from August 30, 2018.

37. Pursuant to the Response, Plaintiff filed a timely administrative FOIA appeal that met the requirements of 43 C.F.R § 2.59 on January 9, 2019.

38. FOIA's statutorily mandated twenty workday time limit for responding to Plaintiff's FOIA appeal passed on February 7, 2019.

39. Defendants did not respond to Plaintiff's FOIA appeal by February 7, 2019.

40. As of the date of this Complaint, Defendants have still not responded to Plaintiff's FOIA appeal.

41. Plaintiff has fully exhausted its administrative remedies. Administrative remedies are deemed exhausted whenever an agency failed to comply with the applicable time limits, as stated by 5 U.S.C. § 552(a)(6)(C). Plaintiff now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

### CLAIM FOR RELIEF
### (Freedom of Information Act)

42. Plaintiff herein incorporates all information and allegations contained in the preceding paragraphs.

43. Exemption 4 of FOIA authorizes the withholding of information that is (1) commercial or financial, (2) obtained from a person, and (3) privileged or confidential. 5 U.S.C. § 552(b)(4).

44. In its Response, FWS claims that a significant amount of information on three pages is exempt from disclosure under Exemption 4, alleging that this information is confidential commercial or financial information protected from disclosure. Specifically, FWS redacted information regarding CITES/U.S. permit number, the monetary value of the animal parts to be imported or exported, the country of import, the importer and exporter addresses, quantity of animal parts imported, and the country of species origin. FWS has completely failed to establish how or why the withheld information is confidential, commercial, or financial.

45. In doing so, FWS provided a conclusory statement in its Response that redacted information is exempt, stating that

> The withheld information is commercial or financial information. The company that supplied this information (the submitter) is considered a person, because the term "person," under the FOIA, includes a wide range of entities including corporations. Information that was required to be submitted is considered "confidential" if disclosure of it "is likely to cause substantial harm to the competitive position of the person from whom the information was obtained," or harm the Government's ability to obtain it in the future. We have concluded, therefore, that the withheld information is protected by Exemption 4.

46. FWS's conclusory statement is not enough to meet its burden under FOIA.

47. Exemption 6 permits the withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

48. Exemption 7 allows withholding of certain information compiled for law enforcement purposes. Exemption 7(C) authorizes the withholding of information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

49. In its Response, FWS claims that information on 496 out of 847 pages is exempt from disclosure under Exemptions 6 and 7(C). FWS blanketly withheld information:

> We have withheld individual's [sic] names in the "U.S. Importer/Exporter & Foreign Importer/Exporter" columns under Exemptions 6 and 7(C). (citation omitted) . . . For the materials that have been withheld under Exemptions 6 and 7(C), we have determined that releasing them would constitute an unwarranted invasion of privacy because they identify an individual referenced in law enforcement records and the release of this information would not shed light on an agency's performance of its statutory duties.

50. FWS has not met its burden to prove that disclosure of this information would constitute a clearly unwarranted invasion of privacy under Exemption 6 or that the withheld material was compiled for law enforcement purposes under Exemption 7.

51. Plaintiff properly appealed FWS's decision to partially withhold three pages under Exemption 4 and part of 496 pages under Exemptions 6 and 7(C) in response to its FOIA request.

52. Defendants did not respond, and still have not responded to Plaintiff's FOIA appeal.

53. Defendants' failure to respond to Plaintiff's FOIA appeal within the statutory timelines is a violation of FOIA and FWS's implementing regulations.

54. Defendants partially withheld three pages under Exemption 4 and parts of 496 pages in response to Plaintiff's FOIA request.

55. Defendants did not meet their burden to demonstrate that such withholdings properly fit into recognized FOIA exemptions.

56. Defendants' failure to disclose responsive documents is a violation of FOIA and FWS's implementing regulations.

**PRAYER FOR RELIEF**

Friends of Animals respectfully requests that the Court enter judgment providing the following relief:

1. Declare that Defendants violated FOIA by failing to respond to Plaintiff's FOIA appeal;

2. Declare that Defendants violated FOIA by withholding responsive documents from Plaintiff;

3. Order that Defendants disclose all the records requested in their entireties and challenged in Plaintiff's FOIA appeal by a certain date;

4. Exercise close supervision over Defendants as they process Plaintiff's appeal;

5. Award Plaintiff costs, including reasonable attorney fees and litigation costs in this action, pursuant to FOIA, 5 U.S.C. § 553(a)(4)(E); and

6. Grant Plaintiff any other relief that the Court deems just and proper.

Dated: May 21, 2019                    Respectfully Submitted,

                                       /s/ Michael Ray Harris
                                       Michael Ray Harris
                                       Director, Wildlife Law Program
                                       Friends of Animals
                                       7500 E. Arapahoe Rd., Suite 385
                                       Centennial, CO 80112
                                       (720) 949-7791
                                       michaelharris@friendsofanimals.org
                                       Attorney for Plaintiff